IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:08-cr-00016-MR

| | |
|---|---|
| UNITED STATES OF AMERICA, ) ) Plaintiff, ) ) vs. ) ) MATTHEW JAMES DURY, ) ) Defendant. ) _____ ) | **O R D E R** |

**THIS MATTER** comes before the Court upon Defendant's "Motion under Rule 60(b) to Nullify Unconstitutional Indictment for Failure to Have a Quorum and Lack of Subject Matter Jurisdiction and Jury Trial Demand" [Doc. 38]; Defendant's "Declaration for Entry of Default," which the Court construes as a motion for entry of default [Doc. 39]; Defendant's letter dated September 6, 2013, which the Court construes as a second motion for entry of default [Doc. 43]; and Defendant's "Motion for Default Judgment" [Doc. 45].

I. **PROCEDURAL BACKGROUND**

On April 28, 2008, the Defendant pled guilty to one count of receipt of child pornography, in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1). On

September 4, 2008, the Defendant was sentenced to a term of 204 months' imprisonment. [Doc. 18]. The Defendant timely appealed to the Fourth Circuit Court of Appeals. [Doc. 20]. On July 13, 2009, the Fourth Circuit affirmed the Defendant's conviction but vacated his sentence and remanded for resentencing. [Doc. 27]. At Defendant's resentencing on August 25, 2009, the Court re-imposed a term of 204 months' imprisonment. [Doc. 30]. The Defendant did not appeal.

More than three years later, the Defendant filed a motion challenging the jurisdiction of the Court [Doc. 32] and a motion to vacate pursuant to 28 U.S.C. § 2255. [Doc. 33]. On January 25, 2013, the Court denied the Defendant's motion challenging the Court's jurisdiction. [Doc. 32]. The Defendant appealed the Court's ruling. [Doc. 35]. On July 24, 2013, the Fourth Circuit affirmed the Court's Order denying the motion. [Doc. 40]. The Defendant's § 2255 motion remains pending.

In his most recent round of filings, the Defendant challenges his criminal conviction pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. [Doc. 38]. In his other filings, the Defendant seeks the entry of default against the Government for failing to respond to his Rule 60(b) motion. [Docs. 39, 43, 45].

## II. ANALYSIS

The Fourth Circuit has held that a defendant may not challenge his criminal conviction under the Federal Rules of Civil Procedure, particularly Rule 60(b). See United States v. Grapes, 408 F. App'x 766, 767 (4th Cir. 2011) (per curiam) ("The Federal Rules of Civil Procedure do not provide a vehicle by which [a defendant] may challenge his criminal judgment.").

Moreover, the type of relief that the Defendant seeks in his Rule 60(b) motion is identical to the relief that could be obtained through a successful Section 2255 proceeding. Accordingly, the Court must treat his Rule 60(b) motion as a motion brought pursuant to Section 2255. See Gonzalez v. Crosby, 545 U.S. 524, 531 (2005) ("Virtually every Court of Appeals to consider the question has held that such a pleading, although labeled a Rule 60(b) motion, is in substance a successive habeas petitioner and should be treated accordingly."); United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003) ("a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application").

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that "[a] prisoner in custody under sentence of a court established by Act of Congress . . . may move the court which imposed the sentence to

3

vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). The AEDPA, however, provides a specific limitation on a prisoner's ability to bring a second or successive motion under § 2255:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

The Defendant has provided no evidence that he has secured authorization from the Fourth Circuit to file a second § 2255 motion; therefore, this Court is without jurisdiction to consider the merits of the present motion, and it will be dismissed.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 336-38, 123 S.Ct.

1029, 154 L.Ed.2d 931 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**IT IS, THEREFORE, ORDERED** that Defendant's "Motion under Rule 60(b) to Nullify Unconstitutional Indictment for Failure to Have a Quorum and Lack of Subject Matter Jurisdiction and Jury Trial Demand" [Doc. 38] is **DENIED** and **DISMISSED**.

**IT IS FURTHER ORDERED** that Defendant's "Declaration for Entry of Default," which the Court construes as a motion for entry of default [Doc. 39]; Defendant's letter dated September 6, 2013, which the Court construes as a second motion for entry of default [Doc. 43]; and Defendant's "Motion for Default Judgment" [Doc. 45] are **DENIED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: December 2, 2013

Martin Reidinger
United States District Judge