THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:08-cr-00016-MR

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> MATTHEW JAMES DURY, ) <br> ) <br> Defendant. ) <br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's Motion for a New Trial [Doc. 68]; letter demanding that the undersigned recuse himself, which this Court construes as a Motion for Recusal [Doc. 69]; and "Motion Pursuant to the Supreme Law of the Land" [Doc. 70]. This Court will address the Defendant's Motions *seriatim*.

In his Motion for a New Trial, the Defendant argues that he is entitled to a new trial because the law does not permit a defendant to plead guilty, and the government must prove guilt beyond a reasonable doubt in every case. [Doc. 68]. To the contrary, the Defendant pleaded guilty in this case in the manner expressly authorized by Rule 11 of the Federal Rules of

Criminal Procedure. [Doc. 12]. Therefore, the Defendant's Motion for a New Trial must be denied.

In his letter, which this Court construes as a Motion for Recusal, the Defendant asserts that he "will always seek the light, and must serve the light bearer," and that "if [the undersigned] does not know what that means then [the undersigned] MUST requse [sic] [himself] and forward [the Defendant's] case to a real Admiralty Judge, one who knows the true meaning of this insignia, ⊲⊳ . . . ." [Doc. 69]. This argument is patently frivolous and will be denied.

In his Motion Pursuant to the Supreme Law of the Land, the Defendant argues that the undersigned has "violated his oath of office when he ruled against the Constitution in this case." [Doc. 70]. For grounds, Defendant states that: he "never violated any federal law," he was coerced by the Government into signing his guilty plea, and that he is therefore being falsely imprisoned in violation of his Constitutional rights. [Id.].

Contrary to the Defendant's assertions, at his Rule 11 conference, the Defendant testified under penalty of perjury that he did, in fact, violate federal law [Doc. 25 at 15], and that he was not coerced or threatened by the Government into signing his guilty plea [Id.]. At this hearing, the Defendant

also testified that he was not under the influence of any drugs or alcohol, his mind was clear, and that he understood that giving false answers could lead to his being prosecuted for perjury. [Doc. 25 at 2-3]. Statements made by a defendant under oath at the plea hearing carry a "strong presumption of verity" and present a "formidable barrier" to subsequent collateral attacks. Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Indeed, "in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should dismiss ... any [post-conviction] motion that necessarily relies on allegations that contradict the sworn statements." United States v. Lemaster, 403 F.3d 216, 221-22 (4th Cir. 2005). Moreover, at his sentencing hearing the Defendant stipulated that the Court could accept the facts as set out in the Presentence Investigation Report as establishing a factual basis for Defendant's guilty plea. That factual basis shows that the Defendant received and possessed hundreds of images of child pornography. [Doc. 15 at 4-5]. Accordingly, these arguments are patently frivolous and must be denied.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion for a New Trial [Doc. 68]; the Defendant's letter demanding the undersigned recuse himself and repent, which this Court construes as a Motion for Recusal [Doc.

69]; and the Defendant's "Motion Pursuant to the Supreme Law of the Land" [Doc. 70] are **DENIED**.

**IT IS SO ORDERED.**

Signed: June 7, 2016

Martin Reidinger
United States District Judge