# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:08-cr-00016-MR

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| ) | |
| MATTHEW JAMES DURY, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's "Motion to Submit These Documents Purtaining [sic] to This Case as Filed with Other Governing Bodies" [Doc. 85] and the Defendant's "Motion to Set Aside Judgment as Void for Lack of Territorial Jurisdiction under Rule 60(b)(4), Article 1 § 8 Clause 17, Article 6 § 2, Tenth Amendment, Denial of This Motion for Any Reason is an Impeachable Offense" [Doc. 86].

By his first Motion, the Defendant seeks to have filed in this action copies of a "Petition for Impeachment" and a "Victim Affidavit" that the Defendant has filed with the United States Senate and the Supreme Court of the United States, respectively. [Doc. 85]. There is no basis in the Federal

Rules of Criminal Procedure for the Defendant's motion.  The Defendant's motion is patently frivolous[1] and therefore will be denied.

In his second motion, the Defendant moves to have his criminal judgment set aside pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure.  [Doc. 86].  As the Court explained in a prior Order denying a similar motion filed by the Defendant [Doc. 46], Rule 60(b) does not provide a vehicle by which the Defendant can challenge his criminal judgment.  See United States v. Grapes, 408 F. App'x 766, 767 (4th Cir. 2011) (per curiam).  Moreover, the type of relief that the Defendant seeks in his Rule 60(b) motion is identical to the relief that could be obtained through a successful Section 2255 proceeding.  Accordingly, the Court must treat his Rule 60(b) motion as a motion brought pursuant to Section 2255.  See Gonzalez v. Crosby, 545 U.S. 524, 531 (2005); United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003).  The Defendant has provided no evidence that he has secured authorization from the Fourth Circuit to file a second § 2255 motion as required by 28 U.S.C. § 2255(h).  Therefore, this Court is without jurisdiction

---

[1] Defendant's argument is that Congress has no authority to enact any criminal legislation except as pertains to actions taken on federal lands and in the District of Columbia, citing Art I, §8 cl.17 (Article I pertains to Congressional power, not this Court's jurisdiction).  This narrow reading of Art. I, §8 was rejected by the Supreme Court nearly two hundred years ago. McCullouch v. Maryland, 4 U.S. (Wheat.) 316, 4 L. Ed. 579 (1819), and in literally thousands of cases since.  Unsurprisingly, the Defendant cites no authority for this interpretation of Art. I, §8.

to consider the merits of the Defendant's second motion, and it will be dismissed.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as the Defendant has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Defendant has filed numerous frivolous filings since his conviction in 2008. [See Docs. 34, 38, 39, 43, 45, 52, 54, 55, 57, 64, 66, 68, 69, 70, 75]. Litigants do not have an absolute and unconditional right of access to the courts in order to prosecute frivolous, successive, abusive or vexatious actions. See Demos v. Keating, 33 F. App'x 918, 920 (10th Cir. 2002); Tinker v. Hanks, 255 F.3d 444, 445 (7th Cir. 2002); In re Vincent, 105 F.3d 943, 945 (4th Cir. 1997). District courts have inherent power to control the judicial

3

process and to redress conduct which abuses that process. Silvestri v. Gen. Motors Corp., 271 F.3d 583, 590 (4th Cir. 2001).

The Defendant is hereby informed that future frivolous filings will result in the imposition of a pre-filing review system. Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 818 (4th Cir. 2004); Vestal v. Clinton, 106 F.3d 553, 555 (4th Cir. 1997). If such a system is placed in effect, pleadings presented to the Court which are not made in good faith and which do not contain substance, will be summarily dismissed as frivolous. See Foley v. Fix, 106 F.3d 556, 558 (4th Cir. 1997). Thereafter, if such writings persist, the pre-filing system may be modified to include an injunction from filings. In re Martin–Trigona, 737 F.2d 1254, 1262 (2d Cir. 1984).

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion to Submit ..." [Doc. 85] is **DENIED**, and the Defendant's "Motion to Set Aside Judgment ..." [Doc. 86] is **DENIED AND DISMISSED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: May 4, 2017

Martin Reidinger
United States District Judge