THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:08-cr-00016-MR

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| | ) | |
| MATTHEW JAMES DURY, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Defendant's "Motion to Set Aside Judgment as Void for Lack of Territorial Jurisdiction under Rule 60(b)(4), Article 1 § 8, Clause 17, Article 6 § 2, Tenth Amendment, Denial of This Motion for Any Reason is an Impeachable Offence" [Docs. 88, 89].[1]

The Defendant moves yet again to have his criminal judgment set aside pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure. [Docs. 86]. As the Court has explained in at least two prior Orders denying similar motions filed by the Defendant [Docs. 46, 87], the Defendant's request is frivolous. Rule 60(b) does not provide a vehicle by which the

---

[1] The Defendant appears to have filed duplicate motions, which were received by the Court on June 9 and June 16, 2017, respectively.

Defendant can challenge his criminal judgment. See United States v. Grapes, 408 F. App'x 766, 767 (4th Cir. 2011) (per curiam). Moreover, the type of relief that the Defendant seeks in his Rule 60(b) motion is identical to the relief that could be obtained through a successful Section 2255 proceeding. Accordingly, the Court must treat his Rule 60(b) motion as a motion brought pursuant to Section 2255. See Gonzalez v. Crosby, 545 U.S. 524, 531 (2005); United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003). The Defendant has provided no evidence that he has secured authorization from the Fourth Circuit to file a second § 2255 motion as required by 28 U.S.C. § 2255(h). Therefore, this Court is without jurisdiction to consider the merits of the Defendant's motion, and it will be dismissed.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as the Defendant has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the

correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion to Set Aside Judgment ..." [Docs. 88, 89] is **DENIED AND DISMISSED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: June 30, 2017

Martin Reidinger
United States District Judge