THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:08-cr-00016-MR

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| | ) | |
| MATTHEW JAMES DURY, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Defendant's "Motion to Set Aside Judgment as Void for Lack of Territorial Jurisdiction under Rule 60(b)(4), Article 1 § 8, Clause 17, Article 6 § 2, Tenth Amendment, Denial of This Motion for Any Reason is an Impeachable Offence" [Doc. 91]; the Defendant's "Motion for District Judge Martin K. Reidinger to Recuse Himself for Violating His Oath of Office Pursuant to Article VI Section[s] 2 and 3 of the Constitution of the United States" [Doc. 92]; the Defendant's "Motion to Void Any Proceeding in This Case after November 9, 2007 as Unconstitutional for Lack of Territorial Jurisdiction, Separation of Powers Doctrine and Violation of Due Process of the Fourteenth Amendment to the Constitution of the United States, the Supreme Law of the Land" [Docs. 97,

100]; the Defendant's "Motion to Challenge Subject Matter Jurisdiction" [Docs. 98, 99]; and the Defendant's "Motion for Entry of Default and Default Judgment" [Doc. 101].[1]

The Defendant moves yet again to have his criminal judgment set aside pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure. [Doc. 91]. The Defendant also, again, asserts this Court's lack of jurisdiction as a grounds to "void the proceedings in this case." [Doc. 97; see also Docs. 98, 99, 100]. For the reasons previously and repeatedly stated by the Court [Docs. 46, 87, 90], the Defendant's motions are frivolous and are therefore denied. Moreover, even though the Defendant styles at least one of his motions as one pursuant to Rule 60(b), the relief he seeks (i.e., vacating his judgment) would be the subject of a Section 2255 proceeding. Accordingly, the Court must treat his Rule 60(b) motion as a motion brought pursuant to Section 2255. See Gonzalez v. Crosby, 545 U.S. 524, 531 (2005); United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003). The Defendant has provided no evidence that he has secured authorization from the Fourth Circuit to file a second § 2255 motion as required by 28 U.S.C. § 2255(h).

---

[1] This Court has held the Defendant's motion for recusal in abeyance but now enters this order pursuant to Advisory Opinion No. 103 of the Judicial Conference Committee on Codes of Conduct.

2

Therefore, this Court is without jurisdiction to consider the merits of the Defendant's motion, and it will be dismissed.

The Defendant also moves the undersigned to recuse himself from this action. [Doc. 92]. As the Court has previously explained [Doc. 65], the Defendant's dissatisfaction with the Court's prior rulings is not a sufficient grounds for recusal. See United States v. Lentz, 524 F.3d 501, 530 (4th Cir. 2008) ("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion") (quoting Liteky v. United States, 510 U.S. 540, 555 (1994)). Accordingly, the Defendant's request for the undersigned to recuse himself is denied.

In the hope of convincing Mr. Dury to stop filing his repeated motions on this point, the Court will endeavor to explain why his motions have been deemed frivolous, and why any other Court will do the same.

First, Mr. Dury confuses Congressional power (Article I of the U.S. Constitution) with judicial jurisdiction (Article III of the U.S. Constitution). This Court has jurisdiction to adjudicate any alleged violation of a criminal law passed by Congress. See U.S. Const. Art. III § 2. Mr. Dury was convicted of a violation of 18 U.S.C. § 2252, which is an act passed by Congress. There is no question of jurisdiction. Rather, Mr. Dury appears to be attempting to argue that Congress has exceeded the scope of its

enumerated powers by adopting 18 U.S.C. § 2252, since it purports to apply outside of the territorial limits set out in Article I, § 8, clause 17. However, clause 17 is not the only enumerated power of Congress set out in § 8. More importantly, clause 17 is not the Congressional power that supports the adoption of § 2252. Congress had the power to pass laws prohibiting the transmission, receipt, and/or possession of child pornography if those images were transmitted "in or affecting interstate commerce." This arises from Article I, § 8, clause 3 and clause 18. Since the child pornography images of which Mr. Dury was convicted of receiving were transmitted via the internet, they come within the purview of "in or affecting interstate commerce."

Even if the acts which Mr. Dury admitted did not come within the legal definition of "interstate commerce," he had the opportunity to raise this in a motion to dismiss his indictment. However, Mr. Dury waived any such objection by pleading guilty and agreeing to the terms set out in his plea agreement.

The most important point, however, is that Mr. Dury purports to present arguments that go to the question of *jurisdiction*, yet he only cites to a constitutional provision that has nothing to do with this Court's jurisdiction.

As such, his arguments are a non sequitur and have been deemed to be frivolous.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as the Defendant has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion to Set Aside Judgment as Void for Lack of Territorial Jurisdiction under Rule 60(b)(4), Article 1 § 8, Clause 17, Article 6 § 2, Tenth Amendment, Denial of This Motion for Any Reason is an Impeachable Offence" [Doc. 91]; the Defendant's "Motion for District Judge Martin K. Reidinger to Recuse Himself for Violating His Oath of Office Pursuant to Article VI Section[s] 2 and 3 of the Constitution of the United States" [Doc. 92]; the Defendant's "Motion to Void Any Proceeding in This Case after November 9, 2007 as

Unconstitutional for Lack of Territorial Jurisdiction, Separation of Powers Doctrine and Violation of Due Process of the Fourteenth Amendment to the Constitution of the United States, the Supreme Law of the Land" [Docs. 97, 100]; the Defendant's "Motion to Challenge Subject Matter Jurisdiction" [Docs. 98, 99]; and the Defendant's "Motion for Entry of Default and Default Judgment" [Doc. 101] are **DENIED AND DISMISSED**.

    **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability.

    **IT IS SO ORDERED.**

Signed: January 24, 2018

Martin Reidinger
United States District Judge