THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:08-cr-00016-MR

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | **O R D E R** |
|  | ) |  |
| MATTHEW JAMES DURY, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

**THIS MATTER** is before the Court on the Defendant's "Mandate for Default" [Doc. 129], which the Court construes as a motion for reconsideration; the Defendant's "Motion to Question the Constitutionality of House of Representatives Bill 3190" [Docs. 133, 134[1]]; and the Defendant's "Motion for a D.N.A. Maternity Test on Gloria Jeanne (Dury) Dickman to Prove Inpersonia [sic] Jurisdiction of This Case" [Doc. 135].

In his first motion, the Defendant seeks reconsideration of the Court's Order [Doc. 128] denying as frivolous his "Motion to Question the Constitutionality of the Interstate Commerce Act of 1887" [Doc. 127]. For grounds, the Defendant argues that his motion should have been granted

---

[1] Documents 133 and 134 appear to be duplicate motions.

"by default" due to the Government's failure to respond to the motion. [Doc. 129].

As the Court previously noted, the Defendant's motion questioning the constitutionality of the Interstate Commerce Act was a frivolous motion and therefore no response was necessary from the Government. [Doc. 128]. In any event, the Defendant is not entitled to prevail on *any* motion simply due to the failure of the Government to respond. Accordingly, his request for reconsideration of the Court's prior Order [Doc. 128] is denied.

In his next two motions, the Defendant challenges House Bill 3190, a bill which he contends was passed on May 12, 1947 without quorum and was therefore unconstitutional. Although the Defendant does not explain in his motions the applicability of this legislation to his particular case, it appears that the Defendant is attempting to challenge the constitutionality of the enactment of Public Law 80-772, which was codified at 18 U.S.C. § 3231.[2] Every court which has addressed the issue, however, has found this type of argument to be entirely without merit. See, e.g., Turner v. United States, No. 09-00180-WD-C, 2011 WL 5595939, at *5 (S.D. Ala. Sept. 8, 2011) (collecting cases holding that Public Law 80-772 was constitutionally

---

[2] Section 3231 confers jurisdiction to the federal courts "of all offenses against the laws of the United States." 18 U.S.C. § 3231.

enacted). Accordingly, the Defendant's motions to challenge the constitutionality of House Bill 3190 are denied.

Finally, the Defendant presents another frivolous motion, seeking for the Court to order DNA testing of his mother in order to prove that he was in fact abducted as an infant and brought to the United States illegally. The Defendant contends that such DNA testing will prove that he is a foreign national and therefore not subject to the jurisdiction of this Court.

The Defendant's motion is denied. The Defendant pled guilty to receipt of child pornography, which is an offense against the United States. See 18 U.S.C. §§ 2252(a)(2) and (b)(1). The Defendant's criminal offense occurred within the United States. [See Doc. 2]. Any alleged issues regarding the Defendant's true citizenship are irrelevant to the existence of the Court's jurisdiction in this criminal matter. See United States v. Shi, 525 F.3d 709, 724 (9th Cir. 2008) ("It is well-established that jurisdiction over a defendant is not impaired by the fact that he was brought within the jurisdictional territory of the court against his will."). The Defendant's motion is frivolous and is therefore denied.

The Court notes that the Defendant's conviction became final nearly a decade ago. Nevertheless, the Defendant continues to inundate this Court with repetitive, frivolous, and nonsensical filings challenging his conviction,

3

presenting arguments which are so far afield of accepted constitutional jurisprudence that if such arguments were presented by an attorney, they would draw substantial sanctions.  Litigants do not have an absolute and unconditional right of access to the courts in order to prosecute frivolous, successive, abusive or vexatious actions.  See Demos v. Keating, 33 F. App'x 918, 920 (10th Cir. 2002); Tinker v. Hanks, 255 F.3d 444, 445 (7th Cir. 2002); In re Vincent, 105 F.3d 943, 945 (4th Cir. 1997).  District courts have inherent power to control the judicial process and to redress conduct which abuses that process.  Silvestri v. Gen. Motors Corp., 271 F.3d 583, 590 (4th Cir. 2001).

The Defendant is hereby informed that future frivolous filings may result in the imposition of a pre-filing review system.  Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 818 (4th Cir. 2004); Vestal v. Clinton, 106 F.3d 553, 555 (4th Cir. 1997).  If such a system is placed in effect, pleadings presented to the Court which are not made in good faith and which do not contain substance, will be summarily dismissed as frivolous.  See Foley v. Fix, 106 F.3d 556, 558 (4th Cir. 1997).  Thereafter, if such writings persist, the pre-filing system may be modified to include an injunction from filings.  In re Martin–Trigona, 737 F.2d 1254, 1262 (2d Cir. 1984).

**IT IS, THEREFORE, ORDERED** that the Defendant's "Mandate for Default" [Doc. 129], which the Court construes as a motion for reconsideration; the Defendant's "Motion to Question the Constitutionality of House of Representatives Bill 3190" [Docs. 133, 134]; and the Defendant's "Motion for a D.N.A. Maternity Test on Gloria Jeanne (Dury) Dickman to Prove Inpersonia [sic] Jurisdiction of This Case" [Doc. 135] are **DENIED**.

**IT IS SO ORDERED.**

Signed: November 13, 2018

Martin Reidinger
United States District Judge