# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:08-cr-00016-MR

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| MATTHEW JAMES DURY, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court upon the Defendant's "Motion for the United States to Stop Torturing Petitioner" [Doc. 164].

In the present motion, the Defendant sets out a litany of complaints regarding his conviction and sentence. To the extent that the Defendant wishes to raise such claims, he must first seek authorization from the United States Court of Appeals for the Fourth Circuit to file a second or successive motion pursuant to 28 U.S.C. § 2255. See 28 U.S.C. § 2255(h). The Defendant has provided no evidence that he has secured such authorization here. Accordingly, this Court is without jurisdiction to consider the merits of the Defendant's motion, and it therefore will be dismissed.

The Defendant also appears to claim in his motion that during his incarceration he has been sexually assaulted and denied appropriate medical care in violation of his constitutional rights. To the extent that the Defendant seeks to challenge the conditions of his confinement, he must do so in an action filed pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). See Roudabush v. Mosely, No. CV 8:18-1984-BHH-JDA, 2018 WL 6031316, at *2 (D.S.C. Aug. 21, 2018), report and recommendation adopted, No. CV 8:18-1984-BHH, 2018 WL 6018630 (D.S.C. Nov. 16, 2018), appeal dismissed, No. 19-6106, 2019 WL 3215894 (4th Cir. Mar. 25, 2019). To file a Bivens action, the Defendant must first exhaust his administrative remedies. See Garfield v. Federal Prison Industries, Inc., 3 F. App'x 292, 295 (6th Cir. 2001). Further, it does not appear that venue for any such action would be proper in this District, as such claim would need to be filed in the District of confinement. See Gonzalez v. Holder, 763 F. Supp. 2d 145, 153 (D.D.C. 2011) (transferring federal prisoner's Bivens claims to district of confinement); see also 28 U.S.C. § 1391(e)(1) (venue for civil action against officer or employee of the United States is proper where the defendant resides, where a substantial part of the events underlying the claim occurred or where the plaintiff resides if no real property is involved).

For all these reasons, the Defendant's motion is denied.

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion for the United States to Stop Torturing Petitioner" [Doc. 164] is **DENIED**.

**IT IS SO ORDERED.**

Signed: January 9, 2020

Martin Reidinger
United States District Judge