# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:08-cr-00016-MR

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| ) | |
| MATTHEW JAMES DURY, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's "Motion to Strike Three Words from Terms of Supervised Release as Too Vague" [Doc. 186].

By the present motion, the Defendant seeks to challenge the imposition of a condition of supervised release which, along with prohibiting the possession of firearms, prohibits him from possessing any "other dangerous weapon." [See Doc. 18 at 3].

An individual may not belatedly challenge the conditions of supervised release on factual or legal grounds that were available to him at the time of the original sentencing. See United States v. McLeod, 972 F.3d 637, 643-44 (4th Cir. 2020). Here, the grounds for the Defendant's challenge to this particular condition were readily available to him at the time of sentencing.

As he failed to object to this provision at sentencing and failed to raise the issue on direct appeal, the Defendant may not raise this issue now.

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion to Strike Three Words from Terms of Supervised Release as Too Vague" [Doc. 186] is **DENIED**.

**IT IS SO ORDERED.**

Signed: November 23, 2020

Martin Reidinger
Chief United States District Judge

2

Case 1:08-cr-00016-MR   Document 190   Filed 11/23/20   Page 2 of 2