# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:08-cr-00016-MR

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| MATTHEW JAMES DURY, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court upon the Defendant's "Motion Regarding Newly Discovered Evidence of Fraud Prior and at Sentencing" [Doc. 222].

In the present motion, the Defendant argues that the Government engaged in prosecutorial misconduct at his sentencing, allegedly resulting in an "illegal 5 point enhancement adding eight illegal years" to his term of incarceration. [Doc. 222 at 1].

The "enhancement" complained of by the Defendant appears to be a reference to the two points added to his criminal history computation[1] due to the fact that the Defendant committed his offense while he was subject to an

---

[1] The addition of these two criminal history points raised his criminal history points from a three to a five and his criminal history category (CHC) from a CHC II to a CHC III.

outstanding probation violation warrant. [See Doc. 15 at ¶¶ 42, 48]. Even if the sentencing court made an error of this nature, the time for correcting it has long since passed.

Even if such a matter could be remedied at this juncture, it should be noted that the undersigned was not Defendant's sentencing judge. Therefore, the Court is entirely reliant upon the record concerning Defendant's sentencing. To the extent Defendant seeks to contradict the prior record, the Defendant must provide documentary evidence to support such assertions. Bare assertions are insufficient to form a basis for any relief. The Defendant has not offered any evidence to support his contentions that this warrant was not active at the time he committed his offenses or that the inclusion of this information in his sentencing calculus was the result of any prosecutorial misconduct or fraud by the Government or the Court. Accordingly, the Defendant's "motion" is denied.

The Defendant also moves to vacate his indictment, arguing *inter alia* that he "was a CIA agent, 9-11-2001 was a CIA action and [his] false imprisonment was a cover up of the true origins of the September 11 2001 Genocide." [Doc. 222 at 2]. The Defendant's "motion" in this regard is frivolous and legally baseless and is also denied.

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion Regarding Newly Discovered Evidence of Fraud Prior and at Sentencing" [Doc. 222] is **DENIED**.

**IT IS SO ORDERED.**

Signed: January 3, 2023

Martin Reidinger
Chief United States District Judge