THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:08-cr-00016-MR

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| MATTHEW JAMES DURY, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's "Motion under Newly Discovered Evidenced Prosecutorial Misconduct at Sentencing" [Doc. 230]; the Defendant's "Motion under Newly Discovered Evidence, Prosecutorial Misconduct at Sentencing" [Doc. 231]; and the Defendant's "Motion under Newly Discovered Evidence of Prosecutorial Misconduct Via 18 U.S.C. § 3231 is Unconstitutional as It Never Passed Congress" [Doc. 232].

By the present motions, the Defendant attempts to directly attack the validity of his conviction and sentence. Therefore, these motions amount to successive applications to vacate his sentence pursuant to 28 U.S.C. § 2255. See United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003) ("[A] brand-new, free-standing allegation of constitutional error in the underlying

criminal judgment will virtually always implicate the rules governing successive applications.").

A petitioner must obtain permission from the appropriate court of appeals before he may file a second motion under § 2255. 28 U.S.C. § 2255(h). Because the Defendant has provided no evidence that he has secured authorization from the Fourth Circuit to file a successive § 2255 motion, the Court concludes that it is without jurisdiction to consider the merits of the present motions. The Defendant's motions, therefore, will be dismissed.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as the Defendant has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion under Newly Discovered Evidenced Prosecutorial Misconduct at Sentencing" [Doc. 230]; the Defendant's "Motion under Newly Discovered Evidence, Prosecutorial Misconduct at Sentencing" [Doc. 231]; and the Defendant's "Motion under Newly Discovered Evidence of Prosecutorial Misconduct Via 18 U.S.C. § 3231 is Unconstitutional as It Never Passed Congress" [Doc. 232] are **DISMISSED** as unauthorized, successive Section 2255 motions.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**  Signed: March 6, 2023

Martin Reidinger
Chief United States District Judge